OPINION of the Court, by
Judge Boyle.
— Buckner, as endorsee, brought his action against Curry, as endorser, of a promissory note, made by one E. Ashbv to said Curry, for £. 17 10s. 3d. He avers that having prosecuted a suit to trial against Ashby, that said Ashby produced to the court and jury, a receipt for eight pounds eight shillings and seven pence, given by the said Curry, anterior to the assignment of said note by said Curry to said Buckner,and that it was then and there allowed to operate as a partial discharge of the said note. He then avers that he expended in the prosecution of said suit against said Ashby, the sum of £•17 9s 8d. 1-2, which said sum of money said Curry became liable to pa)', etc. and being so liable, assumed, &c.
Curry pleaded non assumpsit, and on the trial the plaintiff produced the note and receipt before mentioned in evidence ; to rebut which, Curry produced a witness, who deposed that he had in the spring 179S, against said Curry, an execution in the hands of said Buckner, as sheriff; that the said Buckner and witness went to the house of Curry, who said he was scarce of money, but in the hearing of Buckner, offered to let the witness have a note on E. Ashby, for 3 6 or 17 pounds, ¡on which there was a balance due of 7 or 8 pounds ; the witness refused to take it, and the said Buckner replied that Ashby was good ; the witness was not present at the assignment of the note in question, nor did he know any thing of it.
*478 The judge directed the jury, that if they were satis-* fied that the sum due on the note at the time of the assignment, was no more than T or 8 pounds, and believed the testimony of the witness, they must find a verdict for the defendant; to which direction of the judge Buckner excepted.
The plaintiff offered in evidence, the record of a suit Buckner assignee of Curry against Ashby, which being objected to was rejected, to which an exception was also taken by Buckner. The jury found for Curry the defendant, and judgment was rendered thereon against Buckner for the costs, to which judgment the plaintiff" has prosecuted this writ of error.
The correctness of the instruction of the judge given to the jury to find for the defendant, and of his opinion in rejecting the record as evidence, are the points made before this court.
The testimony given by the witness tended to prove that before the assignment of the note b)' Curry to Buckner, the payor had paid a further sum than appears to have been credited upon the note, and that Buckner was apprised of this fact. In the conversation which the witness states to have passed in the presence and heaijing of Buckner, Curry represents the amount due upon the note as “being not greater than would have been still payable, if the receipt lor the £. 8 8s. 7ci. had been credited. It is not rational ,to presume, that after having been thus informed of the real amount due upon the note, that Buckner would give a full consideration for the whole nominal amount of the note, and if he received it for so much only as was really due, though the credits were not endorsed, there is no principle of law or equity, that would render Curry liable to a greater-amount. Considering the tendency of the testimony, it seems therefore not improper in the court below to have directed the jury hypothetically, that if they believed the evidence they ought to find for Curry,
It is evident that if Curry was not liable for the £ 8. 8s. 7d. the amount of the receipt, that he ought not to have been made to pay the costs of the suit which Buckner in his own wrong prosecuted against Ashby.
The record was therefore properly rejected as evidence on this ground. But there is yet a farther reason for its rejection. For any thing to the contrary an- *479 parent on the face of the record, there was, after crediting the amount of the receipt before mentioned, sufficient due upon the note to have entitled Buckner to a recovery against Ashby. But he voluntarily suffered a non suit. Curry ought not therefore to be made liable to pay the costs, which might have been recovered of Ash* by, bad Buckner prosecuted his suit.
Judgment affirmed.